**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| CAROL R. DAGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 11-30070-FDS |
| | ) | |
| ANTHONY BASS and | ) | |
| COMCAST OF MASSACHUSETTS II, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION**
**TO DISMISS CONFIDENTIALITY STIPULATION/PROTECTIVE ORDER**

This is a case involving copyright infringement. Plaintiff Carol R. Daggs, proceeding *pro se*, brought this action against defendants Anthony Bass and Comcast of Massachusetts II, Inc. Plaintiff alleges that defendants infringed on her copyright by videotaping a live musical performance by her and later broadcasting it on a public-access television channel.

On March 23, 2012, defendant Comcast moved to file under seal a redacted version of a licensing agreement between Comcast and the American Society of Composers, Authors, and Publishers ("ASCAP"). As grounds for that motion, defendant stated that the agreement contains sensitive business information, the public release of which could irreparably harm the competitive positions of both Comcast and ASCAP. The Court granted defendant's motion on March 27. On April 14, Comcast filed a motion for a protective order stating that the production of the license agreement would be governed by a confidentiality stipulation. Defendant cited the confidential nature of the license agreement and plaintiff's refusal to sign the confidentiality

stipulation voluntarily as the basis for its motion.  Defendant's motion was granted by Magistrate Judge Neiman on May 3.  Plaintiff did not file any opposition to that motion.

Plaintiff has now moved to dismiss the confidentiality stipulation and protective order.  However, she has not set forth any evidence of changed circumstances or unforeseen consequences that would justify a modification of the protective order.  She makes a series of conclusory statements as grounds for her motion, but does not indicate why any of these statements justifies a modification of the protective order.

First, plaintiff states that she "may need to reach a legal resource at ASCAP to make related inquiry."  However, she does not provide any description of the inquiries she might need to make of ASCAP, the relevance of such inquiries to her legal case, or the impact of the confidentiality stipulation on her ability to do so.

Next, plaintiff states that she did not receive the blanket license agreement in time to use it in preparing her cross-motion for summary judgment and opposition to Comcast's motion for summary judgment.  She gives no reason why the timing of her receipt of the agreement is relevant to the status of the protective order.  If she wished for more time to incorporate information from the license agreement into her briefs, she could have moved for additional time to respond.  Removing the confidentiality stipulation will not remedy plaintiff's complaint about the timing of the disclosure.

Finally, plaintiff states that the license agreement should be available to other members of ASCAP and the public.  While plaintiff may disagree as to the confidential nature of the document, she has not set forth any evidence to contradict the Court's earlier determination that a protective order was appropriate.  The protective order was issued to protect defendant's

confidential information from public disclosure; absent some evidence indicating either that the order was issued in error or that circumstances have changed, the plain assertion that the information should be disclosed is not in itself sufficient to warrant a change in the protective order.

The Court has broad discretion to decide "when a protective order is appropriate and what degree of protection is required." *Poliquin v. Garden Way Inc.*, 989 F.2d 527, 532 (1st Cir. 1993). Here, the Court has determined that the license agreement contains confidential business information and should be protected from release to the public. Plaintiff did not file a timely opposition to defendant's motion for the protective order, and has not set forth any new evidence of changed circumstances or unintended consequences that suggest she is prejudiced by the confidentiality stipulation.

Accordingly, plaintiff's motion to dismiss the confidentiality stipulation and protective order is DENIED. Defendant's request for costs is also DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: November 16, 2012